**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONROE JONES,<br><br>      Plaintiff,<br><br>    v.<br><br>R.S. REYES, et. al.,<br><br>      Defendant(s). | No. C-10-5480 TEH (PR)<br><br><br><br>ORDER OF DISMISSAL |

**I**

Plaintiff Monroe Jones, a prisoner at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983 alleging Defendants' alleged conspiracy, false imprisonment and malicious prosecution concerning actions they took that led to the revocation of Plaintiff's parole. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court DISMISSES the instant complaint.

//

//

//

**II**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**III**

Plaintiff's civil suit against Defendants on account of their alleged false imprisonment and malicious prosecution concerning actions they took that led to a revocation of Plaintiff's parole must be DISMISSED WITHOUT PREJUDICE under the rationale of Heck v. Humphrey, 512 U.S. 477 (1994). See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).

Generally, Heck bars claims challenging the validity of an arrest, prosecution or conviction. See Guerrero v. Gates, 442 F.3d

1  697, 703 (9th Cir. 2006).  Specifically, Heck bars a 42 U.S.C. §
2  1983 action for allegedly unconstitutional conviction or
3  imprisonment, or for other harm caused by actions whose unlawfulness
4  would render a conviction or sentence invalid unless the conviction
5  or sentence first has been reversed on direct appeal, expunged by
6  executive order, declared invalid by a state tribunal authorized to
7  make such determination, or called into question by a federal
8  court's issuance of a writ of habeas corpus.  Heck, 512 U.S. at
9  486-87.  Heck also bars a challenge to the validity of the
10 confinement resulting from a parole revocation hearing, as is the
11 case here, until the parole board's decision has been reversed,
12 expunged, set aside or called into question.  See Littles v. Bd. of
13 Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).  Heck
14 therefore would bar any damages claim for the alleged improper
15 actions by Defendants that led to the revocation of Plaintiff's
16 parole if such a claim would implicate the validity of the parole
17 revocation decision.
18         Because Plaintiff has not shown that the decision to
19 revoke his parole has been reversed, expunged, set aside or called
20 into question, his civil suit against Defendants is not cognizable
21 under 42 U.S.C. § 1983.  See Heck, 512 U.S. at 487.
22 //
23 //
24 //
25 //
26 //
27 //
28

3

**IV**

For the foregoing reasons, the action is DISMISSED WITHOUT PREJUDICE. The Clerk shall terminate all pending motions as moot and close the file.

IT IS SO ORDERED.

DATED   *10/3/2011*

**THELTON E. HENDERSON**
**United States District Judge**

```
G:\PRO-SE\TEH\CR.10\Jones-10-5480-heck dismissal.wpd
```